# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | **23-4027-MJ-SANCHEZ** |
| AVINASH SINGH | ) | Case No. 6:20-cr-165-Orl-78 ~~78~~ 41 LRH |
| | ) | |
| Defendant | ) | |

FILED BY ____MP____ D.C.
Oct 20, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, Fl

**ARREST WARRANT**

COPY

TO: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* AVINASH SINGH

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☒ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Wire fraud, in violation of 18 U.S.C. § 1343.
Illegal monetary transactions, in violation of 18 U.S.C. § 1957.

Date: 2/18/21

City and state: Orlando, Florida

*Issuing officer's signature*
T. Palmer
Elizabeth Warren, Clerk of Court
United States District Court
*Printed name and title*

## Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____

at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

FILED BY ___MP___ D.C.
Oct 20, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, Fl

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED 2021 FEB 17 PM 4: 24 DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO, FLORIDA

UNITED STATES OF AMERICA

23-4027-MJ-SANCHEZ

v.

AVINASH SINGH

CASE No. 6:20-cr-165-Orl-CEM-LRH
18 U.S.C. § 1343
18 U.S.C. § 1957

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH TEN
(Wire Fraud)

#### A. Introduction

At times material to this Superseding Indictment:

1. AVINASH SINGH operated and controlled Highrise Advantage, LLC ("Highrise"), and he maintained and controlled accounts at financial institutions, including JPMorgan Chase Bank (Chase) and Wells Fargo Bank (Wells Fargo), federally financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

2. Bank of America, Citibank, N.A. (Citibank), First Piedmont Savings & Loan Association, Regions Bank, and USAA Federal Savings Bank were federally financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation. Washington State Employees Credit Union

was a federally financial institution whose deposits were insured by the National Credit Union Share Insurance Fund.

### B. Scheme and Artifice

3. Beginning on an unknown date, but beginning at least as early as in or about February 2013, and through and including in or about September 2020, in the Middle District of Florida, and elsewhere, the defendant,

### AVINASH SINGH,

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme

4. The manner and means by which the defendant sought to accomplish the scheme and artifice to defraud included, among others, the following:

    a. It was part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did unlawfully devise and execute a scheme and artifice to defraud investors, either directly or through feeder pools, of money and property by means of materially false and fraudulent pretenses, representations and promises.

b. It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did obtain money, and attempt to obtain money, by soliciting individuals to provide funds that defendant AVINASH SINGH claimed would be pooled with other investors to invest in retail foreign currency contracts ("forex") through Highrise.

c. It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did obtain money, and attempt to obtain money, by soliciting feeder pools to provide to Highrise some of the funds that the feeder pools had received from their own investors, so that defendant AVINASH SINGH and Highrise could invest those funds in forex.

d. It was a further part of the scheme and artifice to defraud that the investment in forex with Highrise offered by defendant AVINASH SINGH was not a legitimate investment, but was a "Ponzi" scheme by which money from later investors would be paid to earlier investors.

e. It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did solicit investors, either directly or through feeder pools, to invest in forex with Highrise, by means of false and fraudulent pretenses, representations and promises that related to material facts, including, but not limited to, the following:

(1) False claims that defendant AVINASH SINGH had a proven track record of success as a forex trader;

(2) False claims that defendant AVINASH SINGH would use the funds provided to him and Highrise to invest in forex;

(3) False claims that funds invested with defendant AVINASH SINGH and Highrise would start trading on forex on the next trading day; and,

(4) False claims that defendant AVINASH SINGH and Highrise would "guarantee" that investors and feeder pools would not lose any funds for any trading losses.

f. It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did prepare, and caused to be prepared, documents and other materials that contained some of the false claims described in paragraph e above, including, but not limited to, a "Terms and Conditions" form that was provided to investors to complete.

g. It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did send, and caused to be sent, to investors and feeder pools by interstate wire, the documents referenced in paragraph f above.

4

h.   It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did provide investors and feeder pools with falsified trading statements that claimed to show that their funds had been invested in forex and that trading profits had been earned from forex trades conducted by defendant AVINASH SINGH, and Highrise, when in truth and in fact, as the defendant then and there well knew, defendant AVINASH SINGH and Highrise had not invested all of the funds that they received and the trading profits set out on the trading statements were fabricated and did not reflect actual trading activity.

i.   It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did fail to invest all of the funds in forex as had been promised, but would use significant portions of the funds received from investors and feeder pools for his personal benefit or to pay other investors or feeder pools.

j.   It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did use interstate wires to communicate with investors and feeder pools by electronic mail and telephone.

k.   It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did cause investors, either

5

directly or through feeder pools, to send money to invest by use of interstate wires.

l.    It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did fail to register Highrise as a commodity pool operator with the Commodity Futures Trading Commission.

m.    It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did receive at least $57 million from over 1,100 investors, either directly or through feeder pools, as a result of devising and executing the scheme and artifice.

n.    It was a further part of the scheme and artifice to defraud that defendant AVINASH SINGH would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme to defraud and the acts committed in furtherance thereof.

### D. Interstate Wires

5.    On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**AVINASH SINGH,**

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent

pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire, radio, and television communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire |
|---|---|---|
| ONE | April 28, 2017 | An interstate email from Highrise's email account to P.C. transmitting monthly statement for April 2017, which email was processed by a server located outside of Florida |
| TWO | August 31, 2018 | An interstate wire transfer of $30,000 from D.W.'s account at USAA Federal Savings Bank in Alabama to Highrise's bank account at Chase in the Middle District of Florida |
| THREE | June 13, 2019 | An interstate wire transfer of $180,000 from D.B.'s account at Citibank in New Jersey to Highrise's bank account at Wells Fargo in the Middle District of Florida |
| FOUR | July 10, 2019 | An interstate wire transfer of $65,000 from G.E.'s account at Washington State Employees Credit Union in Washington to Highrise's bank account at Wells Fargo in the Middle District of Florida |
| FIVE | July 30, 2019 | An interstate email from Highrise's email account to P.C. transmitting monthly statement July 2019, which email was processed by a server located outside of Florida |

| Count | Date | Interstate Wire |
|---|---|---|
| SIX | September 11, 2019 | An interstate wire transfer of $164,000 from T.G.'s account at First Piedmont Federal Savings & Loan Association in South Carolina to Highrise's bank account at Wells Fargo in the Middle District of Florida |
| SEVEN | October 9, 2019 | An interstate wire transfer of $32,000 from R.B.'s account at Chase in New York to Highrise's bank account at Wells Fargo in the Middle District of Florida |
| EIGHT | October 31, 2019 | An interstate email from Highrise's email account in the Middle District of Florida to C.J. in New Jersey transmitting monthly statement for October 2019 |
| NINE | December 31, 2019 | An interstate email from Highrise's email account in the Middle District of Florida to S.T. in New York transmitting monthly statement for December 2019 |
| TEN | December 31, 2019 | An interstate email from Highrise's email account in the Middle District of Florida to W.C. in Massachusetts transmitting monthly statement for December 2019 |

All in violation of 18 U.S.C. § 1343.

## COUNTS ELEVEN THROUGH SIXTEEN
### (Illegal Monetary Transactions)

1. The Grand Jury hereby realleges paragraphs one, two, and four of Counts One through Ten of this Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

### AVINASH SINGH,

did knowingly engage and attempt to engage in the monetary transactions described below in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property was, in fact, derived from a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343, knowing that such transaction involved property and funds that were the proceeds obtained from a criminal offense, as follows:

| Count | Date | Transaction |
| --- | --- | --- |
| ELEVEN | March 23, 2016 | Transfer in and affecting interstate commerce of funds in the amount of $100,416.90 by and through Bank of America originating in the Middle District of Florida to an account at Wells Fargo for a settlement agent for payment towards the purchase of real estate located at 4925 Cypress Hammock Drive, St. Cloud, Florida 34771 |
| TWELVE | August 31, 2016 | Transfer in and affecting interstate commerce of funds in the amount of $12,303.63 by and through Bank of America originating in the Middle District of Florida to an account for Tesla Motors |
| THIRTEEN | March 19, 2018 | Transfer in and affecting interstate commerce of funds in the amount of $25,000 by and through Chase originating in the Middle District of Florida to an account for coinbase.com |

| Count | Date | Transaction |
|---|---|---|
| FOURTEEN | April 25, 2018 | Transfer in and affecting interstate commerce of funds in the amount of $65,230.52 by and through Chase originating in the Middle District of Florida to an account for American Express |
| FIFTEEN | September 20, 2018 | Transfer in and affecting interstate commerce of funds in the amount of $33,425.37 by and through Chase originating in the Middle District of Florida to an account for American Express |
| SIXTEEN | September 4, 2020 | Transfer in and affecting interstate commerce of funds in the amount of $920,598.65 by and through Wells Fargo originating in the Middle District of Florida to an account at Regions Bank for a settlement agent for the closing of a sale of real estate located at 9070 Mayfair Pointe Rd, Orlando, FL 32827 |

In violation of 18 U.S.C. §§ 1957 and 2.

## FORFEITURE

1. The allegations contained in Counts One through Sixteen of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. § 1957, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following: the real property located at 9070 Mayfair Pointe Drive, Orlando, FL 32827 and an order of forfeiture for at least the $57 million obtained from the offenses, which represents the proceeds of the offenses.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). The substitute assets to be forfeited specifically include, but are not limited to, the following: 4925 Cypress Hammock Dr., St. Cloud, Florida 34771.

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: _____
Amanda L. Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division

12

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

## THE UNITED STATES OF AMERICA

vs.

## AVINASH SINGH

### SUPERSEDING INDICTMENT

Violations:

18 U.S.C. § 1343
18 U.S.C. § 1957

A true bill,

_____
Foreperson

Filed in open court this 17th day of February 2021.

_____
Clerk

Bail $ _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-4027-SANCHEZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AVINASH SINGH
        Defendant.
_____/

**DEFENDANT'S INVOCATION OF
<u>RIGHT TO SILENCE AND COUNSEL</u>**

        The defendant named above does hereby invoke his right to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction, appeals or other post-trial proceedings.

        The defendant requests that the U. S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters

1

relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY: *s/ Christian Dunham*
Christian Dunham
Assistant Federal Public Defender
Florida Bar No. 146587
150 West Flagler Street
Suite 1700
Miami, Florida 33130-1555
Tel: 305-530-7000
E-Mail Address: Christian_Dunham@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/Christian Dunham*
Christian Dunham

2

# MINUTE ORDER
Page 4

## Magistrate Judge Eduardo I. Sanchez

Atkins Building Courthouse - 6th Floor   Date: 10/20/23   Time: 2:00 p.m.

Defendant: Avinash Singh   J#: 12304-506   Case #: 23-4027-MJ-SANCHEZ
AUSA: Aimee Jimenez   Attorney: Christian Dunham -AFPD
Violation: M/D FL/SuperIndict/Warr/Conspiracy to Commit Wire Fraud/Interstate Wire Fraud/Illegal Monetary Transactions   Surr/Arrest Date: 10/20/23   YOB: 1982

Proceeding: Initial Appearance   CJA Appt:
Bond/PTD Held: ☐ Yes ☐ No   Recommended Bond: Temporary - Pretrial Detention
Bond Set at:   Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs
☐ Report to PTS as directed/or ___ x's a week/month by phone: ___ x's a week/month in person
☐ Random urine testing by Pretrial Services
Treatment as deemed necessary
☐ Refrain from excessive use of alcohol
☐ Participate in mental health assessment & treatment
☐ Maintain or seek full-time employment/education
☐ No contact with victims/witnesses, except through counsel
☐ No firearms
☐ Not to encumber property
☐ May not visit transportation establishments
☐ Home Confinement/Electronic Monitoring and/or Curfew ___ pm to ___ am, paid by ___
☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
☐ Travel extended to:
☐ Other:

Language: English

Disposition:
- Deft. advised of rights and charges; Deft. sworn
- AFPD is appointed
- Gov't seek PTD, Risk of Flight
- Deft. executed Waiver of Removal/Identity Hearing in open court and waived Detention Hearing in this court and request to have a Detention hearing in MD-FL.
- Brady Order Given

Time from today to ___ excluded from Speedy Trial Clock

NEXT COURT APPEARANCE   Date:   Time:   Judge:   Place:
Report RE Counsel:
PTD/Bond Hearing:
Prelim/Arraign or Removal:
Status Conference RE:
D.A.R. 14:19:53, 14:38:45   Time in Court: 6 minutes

s/Eduardo I. Sanchez
Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 23 - 4027 - SANCHEZ

United States of America
    Plaintiff,
v.

Charging District's Case No.
20-CR-165-ORL

Avinash Singh
    Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the __MDFL__.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2) an identity hearing to determine whether I am the person named in the charges;
(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5) a hearing on any motion by the government for detention;
(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☐ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☒ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10/20/23

_____
Defendant's Signature

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

United States District Court
Southern District of Florida
Case No. 23-4027-MJ-SANCHEZ

UNITED STATES OF AMERICA,

v.

Charging District's Case No. 6:20-CR-165-ORL-CEM-LHR

Avinash Singh,
(USM# 12304-506)
_____/

COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the Middle District of Florida-Orlando. AFPO was appointed to represent Defendant for proceedings in this District.

The defendant remains in custody after the initial appearance in the Southern District of Florida.

**IT IS ORDERED** that the United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

**DONE AND ORDERED** at Miami, Florida on 10/20/23.

Eduardo I. Sanchez
United States Magistrate Judge