**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.  Case No. 6:20-cr-165-CEM-RMN

**AVINASH SINGH**

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE AND PRELIMINARY ORDER OF <u>FORFEITURE FOR DIRECT ASSET</u>**

The United States moves this Court, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $57 million, representing the amount of proceeds he obtained from the wire fraud scheme charged in Count One the Superseding Indictment, as well as a Preliminary Order of Forfeiture for the following real property as a directly traceable asset, which was purchased with proceeds of the wire fraud scheme and involved in the money laundering charge in Count Eleven of the Superseding Indictment:

> The real property located at 4925 Cypress Hammock Drive, St. Cloud, Florida 34771, titled in the name of Avinash Singh and Shanaz Singh, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lot 155, East Lake Park Phase 3-5, according to the map or plat thereof as recorded in Plat Book 20, Page 64, Public Records of Osceola County, Florida.
>
> Property Identification Number: 17-25-31-3164-0001-1550.
>
> ("Cypress Hammock Drive").

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.     Statement of Facts**

    **A.     Allegations Against the Defendant**

    1.     In pertinent part, the defendant was charged in a Superseding Inidctment with a wire fraud scheme, in violation of 18 U.S.C. § 1343 (Counts One and Five), and money laundering, in violation of 18 U.S.C. § 1957 (Count Eleven). Doc. 31.

    2.     The Superseding Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the United States would seek an order of forfeiture in the amount of $57 million, representing the amount of proceeds the he obtained from his participation in the wire fraud scheme, and the real property identified above.  *Id.* at 10-12.

    **B.     Finding of Guilt and Admissions Related to Forfeiture**

    3.     The defendant pled guilty to Counts One, Five, Eleven, Fourteen, and Sixteen of the Superseding Indictment. The Court accepted the defendant's plea and adjudicated him guilty. Docs. 64, 66.

    4.     The defendant admitted in his Plea Agreement that beginning in or around February 2013, and continuing to September 2020, he solicited and accepted

at least $57 million from at least 1,100 participants ("pool participants"), in connection with pooled investments in retail foreign currency contracts ("forex") through a company controlled by him by the name of Highrise Advantage, LLC ("Highrise"). Pool participants deposited funds directly into the Highrise master commodity pool ("Master Pool") or into "feeder" pools that funneled some of the deposits they received to the Master Pool (the "Feeder Pools"). Rather than use all of pool participants' funds to trade forex in the Master Pool as Singh had promised he would do, Singh traded only a small portion and instead misappropriated over $50 million of pool participants' funds to pay for personal expenses and to make Ponzi-type payments to other pool participants, including Feeder Pool entities.   Doc. 62 at 26-41.   The defendant then used funds that he stole from investors, *i.e.*, over $100,000 of wire fraud proceeds, to purchase the Cypress Hammock Drive property. *Id*. at 43-45.

5.  In his Plea Agreement, pursuant 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), the defendant agreed to an order of forfeiture in the amount of $57 million, representing the proceeds he obtained from the wire fraud scheme, and to the forfeiture of the Cypress Hammock Drive property, which was purchased with proceeds of the wire fraud scheme and involved in the money laundering offense charge in Count Eleven.   Doc. 62 at 10-12. He also agreed that the order of forfeiture would be final as to the defendant at the time it is entered. *Id*. at 13.

II.  **Applicable Law**

   A.  **Applicable Forfeiture Statutes**

The Court's authority to order forfeiture of property for wire fraud, in violation of 18 U.S.C. § 1343, is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity." The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1961(1). 18 U.S.C. § 1956(c)(7)(A). Specifically, 18 U.S.C. § 1961(1)(B) includes as an offense any act which is indictable under 18 U.S.C. § 1343. Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

In sentencing a person convicted of money laundering, in violation of 18 U.S.C. § 1957, the Court's authority to enter an order of forfeiture against the defendant and to forfeit specific property is found in 18 U.S.C. § 982(a)(1), which provides for the forfeiture of any property, real or personal, involved in such offense, and any property traceable to such property.

   B.  **Order of Forfeiture**

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate all of those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir.

2008). Rule 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant admitted that he has dissipated the criminal proceeds that he obtained from the wire fraud scheme. *Id.* Because of this, the United States seeks an order of forfeiture against the defendant in the amount of $57 million, pursuant to Rule 32.2(b)(2). As the defendant has agreed, he obtained $57 million in proceeds as a result of his participation in the wire fraud scheme. If the Court finds that at least $57 million was obtained by the defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### C.     Direct Asset

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). The Court must do so as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As the defenedant has agreed, the Cypress Hammock Drive property was purchased with proceeds of his wire fraud

scheme and involved in the money laundering charge in Count Eleven. Therefore, the property is forfeitable, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c).[1]

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(b)(2), the Court enter (1) an order of forfeiture against the defendant in the amount of $57 million, for which he will be held liable, and (2) a preliminary order of forfeiture for the Cypress Hammock Drive property, which was purchased with proceeds of the wire fraud scheme and involved in the money laundering charge in Count Eleven.

The United States further requests that, because the $57 million in proceeds was mostly dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $57 million.

The United States further requests that, in accordance with his Plea Agreement (Doc. 62 at 13), the order of forfeiture and preliminary order of forfeiture become final as to the defendant at the time it is entered.

---

[1] The net proceeds obtainedfrom the sale of the property will be credited towards the defendant's Order of Forfeiture.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third party files a claim. *See* Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute assets forfeited to the United States up to the amount of the order of forfeiture.

    Respectfully Submitted,

    ROGER B. HANDBERG
    United States Attorney

By:   *s/Nicole M. Andrejko*
    NICOLE M. ANDREJKO
    Assistant United States Attorney
    Florida Bar No. 0820601
    400 West Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7560
    Facsimile: (407) 648-7643
    E-Mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
