UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 6:20-cr-165-CEM-RMN

AVINASH SINGH

**UNITED STATES' MOTION FOR PRELIMINARY
ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States moves for a preliminary order of forfeiture for substitute assets for the following assets:

1. approximately $19,705.87 in U.S. currency seized from the defendant by authorities in Belize; and

2. the real property located at 3320 Stratton Circle, Kissimmee, FL 34744, titled in the name of Avinash Singh and Shanaz Singh, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

    LOT 95, SOUTH POINTE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 25, PAGE 56 THROUGH 58, INCLUSIVE, OF THE PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA.

    Parcel Identification Number: R042530-504800010950.

In support thereof, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

I. **Statement of Facts**

1. On April 11, 2024, the defendant entered into a Plea Agreement with the United States wherein he consented to the forfeiture of substitute assets in order to satisfy the $57 million Order of Forfeiture sought by the United States as a result of the defendant dissipating the vast majority of proceeds he obtained from his scheme to defraud. Doc. 62 at 11-12. The defendant expressly consented to the forfeiture of the Stratton Circle property as a substitute asset. *Id.* at 12.

2. On May 28, 2024, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), the Court entered an order of forfeiture against the defendant in the amount of $57 million representing the amount of proceeds the defendant obtained from his scheme to defraud. Doc. 68. In that order, the Court stated that the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $57 million. *Id.*

3. While the United States has already forfeited one piece of property (the Mayfair Drive Property), the net proceeds from the sale of that property were only $709,758.89. According to Zillow's website, www.zillow.com (last visited on June 5, 2024), the Cypress Hammock Drive property is valued at just under $800,000, and the Stratton Circle property is valued at just under $500,000. Accordingly, even after

the forfeiture and future sale of these properties, the defendant will still owe well over $50 million on his $57 million Order of Forfeiture.

## II. Applicable Law

### A. Forfeiture Statutes

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), which provides that if property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; or has been commingled with other property which cannot be divided without difficulty, the court shall order the forfeiture of any other property of the defendant, up to the value of the forfeiture judgment. *See* 21 U.S.C. § 853(p)(1)-(2).

In addition, Rule 32.2(e)(1)(B) provides that on the United States' motion, the Court may at any time enter an order of forfeiture to include property that is substitute property that qualifies for forfeiture under an applicable statute. Unlike other types of forfeiture under section 853, there is no nexus or tracing requirement for the forfeiture of substitute property under section 853(p). *See United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that any property of the defendant may be forfeited as a substitute asset and that Courts could not carve out exceptions to the statute). Any of a defendant's property having less than or equal value to forfeitable property can be substituted where a defendant has concealed or disposed of the proceeds of the illegal activity or property derived

3

from those proceeds. *See United States v. Reed*, 924 F.2d 1014, 1017-18 (11th Cir. 1991) (business building in defendants name which, after verdict of forfeiture, was encumbered and then transferred to third parties was forfeitable as substitute assets).

While certain criteria generally must be met before the United States can forfeit substitute assets, *see* 21 U.S.C. § 853(p)(1)-(2), the defendant's stipulation in his Plea Agreement, Doc. 62 at 11, to the forfeiture of substitute assets makes it unnecessary for such criteria to be met. *See Borich v. United States*, No. CR. 03 166(JRT/FLN), 2005 WL 1668411, *3 (D. Minn. July 18, 2005) (defendant's agreement to forfeit money as a substitute asset made it unnecessary for the Government to show that it satisfied the "due diligence" requirement in § 853(p)). Accordingly, because the defendant has consented to the forfeiture of substitute assets, and the defendant's $57 million Order of Forfeiture has not yet been fully satisfied, the United States is entitled to forfeiture the substitute assets identified above.

## III. Conclusion

The United States requests that the Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and Rule 32.2(e)(1)(B), enter a Preliminary Order of Forfeiture for the assets, in partial satisfaction of the defendant's Order of forfeiture. The net proceeds from the forfeited assets will be credited towards the defendant's Order of forfeiture.

Upon issuance of the Preliminary Order of Forfeiture for Substitute Assets, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party file a claim in an ancillary proceeding under Rule 32.2(c).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute assets forfeited to the United States up to the amount of the Order of Forfeiture.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/ Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
